1    WILLIAM G. MALCOLM #129271
     BRIAN S. THOMLEY #275132
2    MALCOLM ♦ CISNEROS
     A Law Corporation
3    2112 Business Center Drive, Second Floor
     Irvine, California 92612
4    Telephone:     (949) 252-9400
     Telecopier:    (949) 252-1032
5

6    Counsel for Defendant Rushmore Loan Management Services, LLC

7

8                        **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

10

11   THE UNITED STATES OF AMERICA,          Case No. 5:18-cv-03449-SVK
     Eeon, A Free-born American Citizen and
12   Relator, THE ESTATE OF EEON, a state    *Assigned to:  Hon. Susan van Keulen*
     agency, the ESTATE CONCETTA
13   MCBRIDE, THE ESTATE OF GREGORY          **NOTICE OF MOTION AND MOTION TO**
     MCBRIDE; ET AL.                         **DISMISS FIRST AMENDED COMPLAINT**
14                                           **FOR FAILURE TO STATE A CLAIM**
                  Plaintiffs,                **UPON WHICH RELIEF MAY BE**
15                                           **GRANTED [Fed. R. Civ. P. 12(b)(6)];**
            vs.                              **MEMORANDUM OF POINTS AND**
16                                           **AUTHORITIES IN SUPPORT THEREOF**
     THE COUNTY OF TUOLUMNE, THE
17   COUNTY OF MONTEREY, in Their non-       *(Request for Judicial Notice and Proposed*
     governmental capacity, etc. al., Doe's 1- *Order filed concurrently herewith)*
18   10,000; in their non-official capacities;
     Other Specific Defendants Are Listed
19   below in the Defendants section…        **Date:   September 18, 2018**
                                             **Time:   10:00 a.m.**
20                Defendants.                 **Crtm:  6**

21

22

23   **TO THE HONORABLE SUSAN VAN KEULEN, UNITED STATES MAGISTRATE**

24   **JUDGE, AND TO PLAINTIFFS:**

25        **PLEASE TAKE NOTICE** that on September 18, 2018, at 10:00 a.m. in Courtroom 6 of

26   the above-entitled Court located at 280 South 1st Street, Room 2112, San Jose, California,

27   95113,  Defendant RUSHMORE LOAN MANAGEMENT SERVICES, LLC ("Rushmore" or

28   "Defendant") will and hereby do move this Court for an order dismissing the First Amended

                                             1

1   Complaint filed by Plaintiffs without leave to amend as against Rushmore.  This Motion is made

2   on the ground that the FAC does not state facts sufficient to state a claim for relief against

3   Rushmore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4           This Motion is based on this Notice, on the attached Memorandum of Points and

5   Authorities, on the Request for Judicial Notice filed concurrently herewith, on all papers and

6   pleadings on file in this action, and on such further oral or documentary evidence as may be

7   presented at the hearing on this Motion.

8

9   Dated:  August 6, 2018                    MALCOLM ♦ CISNEROS,
                                               a Law Corporation
10

11                                             By:    */s/ Brian S. Thomley*
                                                      BRIAN S. THOMLEY
12                                                    Attorney for Defendant Rushmore Loan
                                                      Management Services, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   INTRODUCTION**

3

Gregory S. McBride defaulted on a mortgage loan which was serviced by Rushmore

4

Loan Services, LLC ("Rushmore" or "Defendant"), and the subject property was sold at a non-

5

judicial foreclosure sale.  Plaintiffs appear to challenge the sale but are not the real parties in

6

interest:   EEON is a stranger to the loan and the property, and the Estates of Gregory and

7

Concetta McBride are entities without capacity to sue.  The First Amended Complaint ("FAC")

8

contains no causes of action against Rushmore.  Instead, the FAC is a treatise on the "sovereign

9

citizen" movement, which is based on "redemption" and "vapor money" theories, which hold

10

that, due to historical conspiracies underlying our financial system, mortgages are invalid and

11

cannot be enforced.  Courts in the Ninth Circuit and across the country have universally rejected

12

these theories as frivolous on their face.  For these reasons, the FAC should be dismissed

13

without leave to amend as against Rushmore.

14

**II.   STATEMENT OF FACTS**

15

On or about July 11, 2007, Gregory S. McBride executed a Deed of Trust which

16

encumbered the real property located at SE Corner Carpenter, 2nd Avenue, Carmel, California

17

93921 ("Property").  (*See* Request for Judicial Notice ("RJN") Ex. 1 p. 1.)  The Deed of Trust

18

secured a promissory note ("Note") in the principal amount of $1,137,500.00.  (p. 2.)  The Deed

19

of Trust names Washington Mutual Bank, FA ("WaMu") as beneficiary.  (p. 1.)  On February 5,

20

2013, an Assignment of Deed of Trust was recorded, assigning all beneficial interest in the

21

Deed of Trust from the Federal Deposit Insurance Corporation ("FDIC"), as Receiver, for

22

WaMu, to JPMorgan Chase Bank, N.A. ("Chase").  (*See* RJN Ex. 2.)  On February 2, 2017,

23

Chase caused a Substitution of Trustee to be recorded, substituting MTC Financial dba Trustee

24

Corps ("Trustee Corps") as trustee of the Deed of Trust.  (*See* RJN Ex. 3.)

25

On October 31, 2017, a California Assignment of Deed of Trust was recorded, assigning

26

all beneficial interest in the Deed of Trust from Chase to U.S. Bank N.A., not in its individual

27

capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank").  (*See* RJN

28

Ex. 4.)  Rushmore serviced the subject loan ("Loan") on U.S. Bank's behalf.

1    Gregory S. McBride defaulted on the loan and, on February 5, 2018, Rushmore caused a
2    Notice of Default and Election to Sell Under Deed of Trust to be recorded against the Property.
3    (*See* RJN Ex. 5 p. 1.)  The Notice of Default states that the amount in default was $521,068.17
4    as of January 22, 2018.  (p. 1.)  Gregory S. McBride failed to cure the default and, on May 23,
5    2018, Rushmore caused a Notice of Trustee's Sale to be recorded.  (See RJN Ex. 6 p. 1.)  The
6    Notice of Trustee's Sale states that the Property would be sold at a trustee's sale on June 19,
7    2018. (p. 1.)

8    On June 19, 2018, U.S. Bank acquired the Property at the trustee's sale.  (RJN Ex. 7 p.
9    2.)  On June 28, 2018, Rushmore caused a Trustee's Deed Upon Sale to be recorded, perfecting
10   U.S. Bank's title to the Property.  (*See* p. 1.)

11   On May 16, 2018, EEON initiated this action by filing a Complaint.  On June 27, 2018,
12   EEON filed the FAC, naming the Estates of Gregory McBride and Concetta McBride as
13   plaintiffs, and naming additional defendants.  Rushmore now files this response.

14   **III.    LEGAL ARGUMENT**

15         ***A.      The FAC should be Dismissed without Leave to Amend, Because Plaintiffs are***
16               ***not the Real Parties in Interest.***

17   "An action must be prosecuted in the name of the real party in interest."  FED. R. CIV. P.
18   17.  The Court may take judicial notice that borrower of the Loan is Gregory S. McBride (*see*
19   RJN Exs. 1-7) and that EEON is a stranger to the Loan and the Property (*see id.*).  In ruling on a
20   motion to dismiss, the court "'may consider only allegations contained in the pleadings, exhibits
21   attached to the complaint, and matters subject to judicial notice.'"  *Williston Basin Interstate*
22   *Pipeline Co. v. An Exclusive Gas Storage*, 524 F.3d 1090, 1096 (9th Cir. 2008) (citation
23   omitted).  To the extent that "matters outside the pleadings are presented to and not excluded by
24   the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R.
25   CIV. P. 12(d).  "The court need not, however, accept as true allegations that contradict matters
26   properly subject to judicial notice or by exhibit."  *In re Gilead Sciences Secs. Litigation*, 536
27   F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

28   ///

The Estates of Gregory McBride and Concetta McBride appear to be probate or trust estates, which have no capacity to sue.  "'A probate or trust estate is not a legal entity; it is simply a collection of assets and liabilities.  As such, it has no capacity to sue or be sued, or to defend an action.  Any litigation must be maintained by, or against, the executor or administrator of the estate.'"  *Galdjie v. Darwish*, 113 Cal. App. 4th 1331, 1334 (citing R. Weil & I. Brown, *Cal. Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2003) ¶ 2:126.)  Where a person is deceased, the real party in interest is the personal representative of the estate.  *See* CAL. PROB. CODE § 9820(a) ("The personal representative may:  (a)  Commence and maintain actions and proceedings for the benefit of the estate.")

EEON is not the personal representative of the Estates of Gregory McBride and/or Concetta McBride.   A personal representative is defined as an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status."  § 58(a).  EEON pleads no facts showing that it was appointed as executor, administrator, etc.

### B.     The FAC should be Dismissed without Leave to Amend, Because it Contains no Causes of Action against Rushmore.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief may be granted."  In *Ashcroft v. Iqbal*, the U.S. Supreme Court stated that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard . . . asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a motion to dismiss, the Court stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Id.*

Plaintiffs sue Rushmore and several other lenders for "demanding payment for debts" and "proceeding . . . with any debt collection and or foreclosure proceedings" against the Property and several other properties. (*See* FAC p. 6 ¶¶ 3-5; p. 9 ¶ 2; p. 12 ¶ 2.) But Plaintiffs plead no specific facts against Rushmore regarding the Loan or the Property, much less identify the legal theory or theories on which those facts are based. Therefore, the FAC fails to state a claim for relief that is plausible on its face against Rushmore.

### C.    The FAC should be Dismissed without Leave to Amend, Because it is Premised on the "Sovereign Citizen" Movement, which is Based on Frivolous Theories.

[T]he "redemption" and "vapor money" theories [are] commonly associated with the sovereign citizen movement. *See McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 (D. Conn. 2010). These theories have been unsuccessfully advanced throughout the country by individuals seeking to avoid debt repayment.

In relevant part, the redemption theory suggests that the United States went bankrupt when it rejected the gold standard in 1933 and no longer had collateral with which to back its debts. "Citizens thus became creditors for a bankrupt system, and the Federal Reserve Note became a debt note with no intrinsic value." *Sanford v. Robins Federal Credit Union*, 2012 WL 5875712, at *4 (M.D. Ga. Nov. 20, 2012).

One variation of the redemption theory, sometimes referred to as the "vapor money" theory, contends "that promissory notes . . . are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin*, 726 F. Supp. 2d at 212. When making a loan, "[t]he bank . . . deposits this 'money' into its own account, lists it as an asset on its ledger, and lends it back to the individual" as a line of credit. *Sanford*, 2012 WL 5875712, at *3-4. So, "whereas [the citizen] gave banks valuable 'money' (in the form of a promissory note), the banks gave them something that is essentially worthless: 'mere' credit (and the right to live in their homes, but that appears to be immaterial to the argument)." *McLaughlin*, 736 F. Supp. 2d at 212. Therefore, "the bank-lender gave essentially no consideration, and risked nothing in making the purported loan, rendering the transaction void under general principles of contract law." *Id.* at 213.

*Vachon v. Reverse Mortgage Solutions, Inc.*, No. EDCV 16–02419–DMG (KES), 2017 WL 6628103, *4-5 (C.D. Cal. Aug. 11, 2017) (unpublished opinion).

6

"[T]he so-called "vapor money theory" . . . has been consistently rejected by federal courts as frivolous."  *See Rodriguez v. Summit Lending Solutions, Inc.*, No. 09cv773 BTM (NLS), 2009 WL 1936795, *2 (S.D. Cal. July 7, 2009) ["[T]his 'vapor money' theory has been uniformly rejected as frivolous by the courts." (citations omitted)]; *Gentsch v. Ownit Mortgage Solutions Inc.*, No. CV F 09-0649 LJO GSA, 2009 WL 1390843, *4-5 (E.D. Cal. May 14, 2009) [claims based on the "vapor money" were "meritless" because the theory is "absurd"] (and cases cited therein); *Alejo v. Mozilo*, No. CV 09-680 PSG (CTx), 2009 WL 692001, *3 (C.D. Cal. Mar. 16, 2009) ["[Plaintiff] used the loan funds to purchase her home and has only come forward after default and initiation of foreclosure proceedings with her theory attacking the mortgage on her 'vapor money' theory.  Courts have uniformly rejected similar claims and even sanctioned pro se litigants for pursuing this 'frivolous' and 'improbable' theory."]; *Frances Kenny Family Trust v. World Savings Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, *5 (N.D. Cal. Jan. 19, 2005) ["[P]laintiffs' 'vapor money' theory has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years." (citations omitted)] (and cases cited therein).

*Kuder v. Washington Mut. Bank*, No. CIV S-08-3087 LKK DAD PS, 2009 WL 2868730, *3 (E.D. Cal. Sept. 2, 2009) (unpublished opinion); *see also Davis v. Citibank W., FSB*, No. 10-cv-04477-LHK, 2011 WL 1086055, *4 (N.D. Cal. Mar. 24, 2011) (unpublished opinion) ("Plaintiffs' illusory loan theory has been referred to as the 'vapor money' theory.  Such claims have been brought and rejected across the United States for over 25 years.").

The FAC is a treatise on the "redemption" and "vapor money" theories which are commonly associated with the sovereign citizen movement.  *See, e.g.*, p. 14 ¶ 2 (The Emergency Economic Banking Relief Act of 1933 was a declaration of bankruptcy of the U.S. government); p. 15 ¶ 6 (Franklin D. Roosevelt declared a national bank holiday during which he required that all commercial banks exchange their gold for Federal Reserve notes); p. 17 ¶¶ 2-4 (since then, the United States has been in a state of national emergency, where the constitutional rights of the people have been abridged, and constitutional procedures have been suspended); p. 18 ¶ 6 (Congress has mortgaged the people and all of their property); p. 19 ¶ 3, p. 21 ¶ p. 4 (Congress took away the rights of the people to engage in commerce and obtain property); p. 19 ¶ 4 – p. 20 ¶ 1 (since 1933, the monies which commercial banks lend, Federal Reserve notes, are not lawful currency and have no value, being no longer backed by gold); p. 13 ¶ 2, 21 ¶ 5 – p. 22 ¶ 1 (by issuing mortgages, Defendants fraudulently "created the money and credit upon its [sic] own books by bookkeeping entry," which "voids any claim of value for the credit being lent"); p. 22 ¶¶ 2-9 (Defendants made mortgages loans without consideration).  The Court should reject these

1  theories as frivolous on their face.

2  **IV.    CONCLUSION**

3        For these reasons, Rushmore requests the Court to grant this Motion and dismiss the

4  FAC without leave to amend as against Rushmore.

5

6  Dated:  August 6, 2018                    MALCOLM ♦ CISNEROS,
                                             a Law Corporation

7
                                         By:   */s/ Brian S. Thomley*_____
8                                              BRIAN S. THOMLEY
                                               Attorney for Defendant Rushmore Loan
9                                              Management Services, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

The foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [Fed. R. Civ. P. 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served on the interested parties in this action as follows:

I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")
      The foregoing document will be served by the court via NEF and hyperlink to the document.  On August 6, 2018, I checked the mailing information for this case and the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

Kimberly Friday
kimberly.friday@usdoj.gov,tina.louie@usdoj.gov

Sara Winslow
sara.winslow@usdoj.gov,kathy.terry@usdoj.gov

On August 6, 2018, I served a copy of the following documents described as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [Fed. R. Civ. P. 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Plaintiff in Pro Se
Eeon
304 South Jones Boulevard, Unit #1967
Las Vegas, NV 89107

[X]    (BY MAIL):  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's business practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 6, 2018, at Irvine, California.

Christina Valenzuela

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT