UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EEON, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA DEPARTMENT OF AGRICULTURE, et al.,

    Defendants.

Case No. 3:18-cv-03449-JD

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 13, 53

Pro se plaintiff Eeon has sued a number of banks, loan servicers, and local, state, and federal government entities to enjoin foreclosure proceedings for multiple properties. Dkt. No. 5. Defendant Rushmore Loan Management Services, LLC ("Rushmore") moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, joined by defendant JPMorgan Chase Bank, N.A. ("Chase"). Dkt. Nos. 13 and 50. Defendant Caliber Home Loans, Inc. ("Caliber") filed a separate motion to dismiss under Rules 12(b)(6) and 12(b)(7). Dkt. No. 53. Eeon filed opposition briefs. Dkt. Nos. 30 and 31.

A pro se complaint is liberally construed, but it still must allege facts sufficient to state a plausible claim. *Lee v. State of Washington*, 690 Fed. App'x 974 (9th Cir. 2017). That means the complaint must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not

only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The amended complaint is a 43-page document that is largely unintelligible. No specific claim or cause of action is discernible in its rambling narrative. At best, it appears that Eeon is attempting to challenge certain mortgage loans and foreclosure proceedings under a "vapor money" theory that the banks did not provide consideration for the loans. The amended complaint fails to allege facts showing that Eeon is in any way personally connected to the loans or foreclosures. But even giving Eeon the benefit of every doubt, he cannot state a plausible claim on a "vapor money" theory. Courts in this circuit have consistently dismissed the "vapor money" theory as frivolous. *See, e.g.*, *Borsotti v. Nationstar Mortg., LLC*, No. CV 17-7193 DMG (JCX), 2018 WL 4855265, at *5 (C.D. Cal. Apr. 24, 2018); *Ananiev v. Aurora Loan Servs., LLC*, No. C 12-2275 SI, 2012 WL 2838689, at *3 (N.D. Cal. July 10, 2012)*; Frances Kenny Family Tr. v. World Sav. Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, at *5 (N.D. Cal. Jan. 19, 2005) (stating that the theory "has been squarely addressed and rejected by various courts throughout the country for over twenty years"). These well-reasoned decisions are persuasive here, and so the amended complaint is dismissed.

The remaining question is whether Eeon should be allowed to amend again. The Court declines to permit that. Eeon has already had two opportunities to state a plausible claim. After reviewing the prior complaints, it is clear that further amendment will not meet the required Rule 8 standards.

Consequently, the case is dismissed with prejudice. All other pending motions are denied as moot.

**IT IS SO ORDERED.**

Dated: February 21, 2019

JAMES DONATO
United States District Judge